PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Southern__ DISTRICT OF TEXAS
__Houston__ DIVISION

Jason Sheedy 1360261
Plaintiff's Name and ID Number

Jester 3 Unit
3 Jester Road Richmond, TX 77406
Place of Confinement

United States Courts
Southern District of Texas
FILED

JAN 28 2022

Nathan Ochsner, Clerk of Court

CASE NO._____
(Clerk will assign the number)

v.

Lashea A. Thompson
3 Jester Road Richmond, TX 77406
Defendant's Name and Address

Lasisi Sule
3 Jester Road Richmond, TX 77406
Defendant's Name and Address

George N. Okoro
3 Jester Road Richmond, TX 77406
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? _X_ YES ___ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: __October, 2020__
      2. Parties to previous lawsuit:
         Plaintiff(s) __JASON Sheedy__
         Defendant(s) __Fredrick, Bruce, Warden Tilly, Major Washington__
      3. Court: (If federal, name the district; if state, name the county.) __Ft. Bend County, Texas__
      4. Cause number: __20 - DCV - 051480__
      5. Name of judge to whom case was assigned: __Hon. Robert L. Polnick__
      6. Disposition: (Was the case dismissed, appealed, still pending?) __Pending__
      7. Approximate date of disposition: __N/A__

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: TDCJ - 3 Jester Rd Richmond, Tx 77406

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   X YES  ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Jason Sheedy 1360261

3 Jester Road Richmond, Tx 77406

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Lashea A. Thompson - Correctional officer, Jester 3 Unit
3 Jester Road Richmond, Texas 77406

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. Wrote false disciplinary cases to deny respite, retaliated when plaintiff wrote grievances after being denied respite by Thompson. Harassed inmates for using respite. Use of force for using respite. Gives orders of no talking. Sorts inmates by religion and sexual orientation. Addicted to pain medication to alter emotions. Racial bias.

Defendant #2: Lasisi Sule - Correctional officer Jester 3 Unit
3 Jester Road Richmond, Tx 77406

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you. Sleeps the whole time at respite. Sorts inmates by religion and race, orders no talking at respite. Denies respite for having a pen or book. Kicks inmates out of respite for talking or using bathroom.

Defendant #3: George N. Okoro - Correctional officer Jester 3 Unit
3 Jester Road Richmond, Tx 77406

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you. Failed to stop Thompson and Tiamiyu from denying respite to inmates when waiting hours to get in. A/C when extreme heat is in hallway. No 24/7 respite. No log sheet for respite. Notified many times what defendants were doing to deny respite but failed to act.

Defendant #4: Marcus B. Spirey - Correctional officer - Jester 3 Unit Major.
3 Jester Road Richmond, Tx 77406

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. No 24/7 respite. Implemented policy against plaintiffs First Amendment Right and Eighth Amendment Right by stating no talking in respite, failure to insure guards open doors for respite. Put fan in hallway as part of respite. Fail to instruct and train guards for respite. Refused to correct denial of respite, no logs.

Defendant #5: Nimat A. Tiamiyu - Correctional officer - Jester 3 Unit
3 Jester Road Richmond, Tx 77406

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Wrote false disciplinary cases for talking in respite, retaliated for using the grievance system when Defendant Tiamiyu denied respite and for talking in respite. Denying respite for having a pen or pencil. Denied inmate Daniel Davis for having a pen at respite then Mr Davis passed out from the heat and died. Harassing inmates for using respite. No sign in log to show inmates are allowed respite.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. On or about April 3, 2021 until October 31, 2021, I, Jason Sheedy, plaintiff, have been denied respite on a constant, regular, basis at Jester 3 unit in Ft Bend County, Texas. When writing grievances in June 2021 defendants retaliated by writing false disciplinary cases, denying respite, denied respite 24/7. Only when plaintiff used the grievance system at Jester 3 in June, 2021 did defendants retaliate when plaintiff requested respite. Defendants used bogus rules to deny respite which caused the death of inmate Daniel Davis in the summer of 2021 at Jester 3 because he had a pen. Must give up one constitutional right in order to assert another constitutional right. Defendants implement policy yet fail to follow any policy for respite. Guards refuse to open doors, then harass inmates. Defendants Thompson and Tiamiyu constantly lie in order to write false disciplinary cases and/or to deny respite.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Injunctions: Stop use of force for using respite. Stop extreme heat indoors of living areas. Stop retaliation for using respite. Stop retaliation for using the grievance system. Stop no talking. Stop retaliation from using Ombudsman. Stop false disciplinary cases for using respite. Have uniform policy for using respite. Stop denying respite for any reasons. Stop denying respite for frivolous reasons. Monetary damages for due process, retaliation and excessive extreme heat in living areas. Court Costs

VII. GENERAL BACKGROUND INFORMATION: Anything else allowable by law or equity.

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Jason David Sheedy

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

1360261

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ___ YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied?  ___ YES ___ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?   ____ YES ____ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date warning was issued: _____

Executed on: _____
              DATE

_____
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___24___ day of ___January___, 20 _22_.
            (Day)              (month)          (year)

_Jason Sheedy_
_____
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15



**Texas Department of Criminal Justice**

**STEP 1** *Original*   **OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY |
|---|
| Grievance #: 2021142886 |
| Date Received: 7-29-21 |
| Date Due: 8-28-21 |
| Grievance Code: 410 |
| Investigator ID #: 1773 |
| Extension Date: |
| Date Retd to Offender: SEP 0 1 2021 |

Offender Name: Jason Sheedy     TDCJ # 1360261
Unit: J3     Housing Assignment: 8-23 ✓
Unit where incident occurred: J3

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? LT. OKORO, G. and THOMPSON, L. COV     When? 7-22-21 & 7-16-21
What was their response? "You can't talk and there is assigned seating in respite"
What action was taken? Unlawful, retaliatory, harrassment orders were given

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

This is an appeal of Case #20210227333 and documentation purposes only of retaliation and historical, continuous harrassment by CO. LasHea Thompson in attempt to deter and deny inmates from utilizing respite. —(1) There are ABSOLUTELY NO official/signed posted rules (J3 Unit or TDCJ) at any location stating "No talking, assigned seating or any other rules" regarding respite areas. (2) The only posted rule is respite is "as needed 24/7 days a week access." (3) CO. L. Thompson is condoning and promoting and protecting homosexual activity in the chapel by NOT reporting those acts she witnesses and by labeling select inmates as homosexuals in witness of all other inmates by consistantly separating inmates into different rooms & seats according to her beliefs everyday. This is a PREA violation (4) CO. L. Thompsons aggressive, retaliatory behavior also includes forcing inmates to wait outside of respite and inside the chapel for up to 2 1/2 hours at a time daily until she feels inmates can come and go. This is a violation of the "As needed" posted policy and abuse of authority in violation of Cole V. Collier decree. (5) CO. L. Thompson's standard response is: "If you don't like it - then don't come out here - this is how I run MY chapel," regarding any and all frivolous matters and after she gives non-posted, unlawful verbal orders (6) CO. L. Thompson's abuse of power and authority utilizing retaliatory-harrassment tactics have been happening in the chapel for over 3 years as she remains at the same duty post for over 3 years. By policy, CO's are supposed to be rotated around to different duty posts periodically to avoid establishing relationships with inmates. (7) CO. L. Thompson has stated to me in front of several witnesses: "You file lawsuits and grievances - they will never work - I want you to file on me - they will never go thru because you know whose office I'm in everyday?" Referring to A. Lopez the Grievance Coordinators office, implying she

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix F

will aide and abet CO.L. Thompson in destroying any grievance filed against Her.
8) The ONLY place this type of Harassment and retaliation occurs on a daily basis is at The Chapel with CO. Thompson

TDCJ failed to allow me any documentary evidence of the following witnesses attesting to the above:

1) M.C.L. #879919
2) D.C.W. #2335123
3) S. Williams #00281047
4) J. Sanchez #664234
5) J. Gonzales #1582672
6) T.G. #613876
7) L.A. #950692
8) Joseph Reyes #02338512
9) Dex White #545599

CC: File
Maj. Spivey
Med. Putnam
ATTY

**Action Requested to resolve your Complaint.**
No further retaliation for filing this document – Reversal and expunge from record, implement a system pursuant to Cole v Collier

Offender Signature: _____ Date: 7-22-2021

**Grievance Response:**

Your grievance was investigated and disciplinary case #20210227333 was overturned with the unit's option to rehear. No further action is warranted.

Signature Authority: B. FREDERICK · A.W.  Date: 8/29/21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

**OFFICE USE ONLY**
Initial Submission  UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

2nd Submission  UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission  UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F



**Texas Department of Criminal Justice**

# STEP 2  OFFENDER GRIEVANCE FORM

Offender Name: Jason Sheedy  TDCJ # 1360261
Unit: J3  Housing Assignment: 8-23
Unit where incident occurred: J3

**OFFICE USE ONLY**
Grievance #: 2021142886
UGI Recd Date: SEP 0 9 2021
HQ Recd Date: SEP 1 0 2021
Date Due: 10.9.21
Grievance Code: 410
Investigator ID#: I2704
Extension Date: 11.8.21

DEC 2 3 2021

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

Give reason for appeal (Be Specific).   I am dissatisfied with the response at Step 1 because...

Regarding case # 2021022733:

I agree with the decision made in the attached Step 1.

To perfect the grievance Due process and to ensure the CO named Herein is prevented from this Behavior in the future, this step 2 grievance is being filed.

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

**Offender Signature:** *(signature)*     **Date:** 9-2-21

**Grievance Response:**

Records indicate disciplinary case # 20210227333 was overturned at the unit level therefore no further action is warranted by this office.

**Signature Authority:** J. Back    J. Back    **Date:** NOV 1 1 2021

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted.*
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** *(signature)*

**OFFICE USE ONLY**

Initial Submission   CGO Initials: *(initials)*
Date UGI Recd: 9-9-21
Date CGO Recd: 9-10-21
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)     Appendix G



**Texas Department of Criminal Justice**

# STEP 2 OFFENDER GRIEVANCE FORM

JAN 13 2022

**OFFICE USE ONLY**
Grievance #: 2021145071
UGI Recd Date: 10-13-21
HQ Recd Date: OCT 15 2021
Date Due: 11-12-21
Grievance Code: 410
Investigator ID#: 2846
Extension Date: 12-12-21

Offender Name: Jason Sheedy   TDCJ #: 1360261
Unit: J-3   Housing Assignment: 8-23
Unit where incident occurred: Jester 3

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** I am dissatisfied with the response at Step 1 because...

Disciplinary Case # 20210232111 MUST Be overturned and expunged Because:

#1: I was Denied the right to submit any witness statements as attachments to the case

#2: There was Absolutely NO investigation prior to punishment for this case.

#3: CO L. Thompson absolutely fabricated and falsified State Documents for this entire event in order to create punishment. This CO is well known to inmates to do this type of retaliatory + abusive behavior in order to deter inmates from using respite

#4 The only evidence that was considered by preponderance was obtained solely from TDCJ employees

#5 Records will show CO L. Thompson Abused Her authority by calling 2 different Frivolous ICS calls in a 1 Hour Time span in order to instill Fear and intimidation upon inmates.

#6 - There is NO assigned seating for some inmates and NOT others. This deliberate indifference by CO L. Thompson was S.S. attempted to Be corrected By Her Shift Supervisor After The First ICS and minutes before Her second ICS call on me By LT. Ozuana. She ignored this instruction and abused Her authority anyway.

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

Offender Signature: _____   Date: 10-9-21

Grievance Response:

Disciplinary case #20210232111 has been reviewed. There was sufficient evidence to support the finding of guilt, no due process or procedural errors were noted, the punishment imposed was within the established guidelines, and the elements of the charge were met. Therefore, there is no valid reason to warrant overturning this disciplinary case. No further action is warranted.

Offender signature: _____   Date: _____

Grievance Response:
Signature Authority: _____J. Riley_____   J. RILEY   Date: 12/9/2021

Returned because:   *Resubmit this form when corrections are made.

☒ 1. Grievable time period has expired.
☒ 2. Illegible/Incomprehensible.*
☒ 3. Originals not submitted. *
☒ 4. Inappropriate/Excessive attachments.*
☒ 5. Malicious use of vulgar, indecent, or physically threatening language.
☒ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission        CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission        CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission        CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)        **Appendix G**

**Texas Department of Criminal Justice**

# STEP 1 — OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2021140571 |
| Date Received: | 8-6-21 |
| Date Due: | 9-5-21 |
| Grievance Code: | 410 |
| Investigator ID #: | 1773 |
| Extension Date: | 10/5/21 |
| Date Retd to Offender: | OCT 07 2021 |

Offender Name: Jason Sheedy   TDCJ # 1360261
Unit: J3   Housing Assignment: 8-23
Unit where incident occurred: J3

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? CO LaShea Thompson   When? 7-24-21
What was their response? Denial of Respite by CO Thompson using Harassment and retaliation.
What action was taken? Was retaliated on and removed from respite via FCS for no reason

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This is an appeal of Disc. Hearing # 20210232111 and notice of intent to preserve all related documents. On 7-24-21 CO L. Thompson initiated a frivolous FCS on 2 other inmates for sitting in the same room in respite. LT. Ozoana arrived and specifically instructed CO Thompson "There is no assigned seating in the Respite." - They can sit anywhere they want. 1 hour later, myself and McCann TDCJ # 879919 were sitting in the same room - opposite sides with other inmates/witnesses when CO Thompson entered the room asked if anyone was leaving. Every inmate said no we just got here we don't need in + out. Then CO Thompson pulled out her gas-spray can and ordered everyone (except me + McCann to remain sitting) out of the room. CO Thompson blocked the doorway after everyone left and started waving the gas can around yelling and screaming "FCS Response" to the chapel. About 10 CO's + rank arrived. SGT. Robisaeux handcuffed both of us and led us to the infirmary then chainroom until 10pm. Cpt. Deptley + LT. Okoro, G. both were present. There was no investigation and no one spoke to us. I/we did nothing wrong at any time.

Pursuant to Tex. Govt. Code 493.001 - 493.006(b) - 493.007 - 500.003; 571.001 - 177 + 614.023 - Tex. P. Code 38.11 and BP 02.08 Statement of Internal Controls: It is CO Thompson's sole responsibility to know + maintain the rules in her PD-22 and current TDCJ Directives, SOP's + EOC's and seek clarification if needed. It is NOT a defense of the violations herein by CO Thompson's ignorance and/or intentional disregard of Cole V. Collier 4:14-CV-1698 "Final Decree" document # 769 1-5 states: No retaliation for using respite. - May; Talk, Bring reading or writing materials (as allowed in the Dayroom) Bring a drink or cup to fill with water and a cooling towel. There are NO posted policies in respite. CO Thompson's continued policy violations of respite include, but are NOT limited to: PD-22(4) - PD-22(7) - PD-22(10) - PD-22(13) - PD-22(14c) - PD-22(20) - PD-22(21) - PD-22(22b) - PD-22(23) PD-22(24a) - PD-22(32) - PD-22(37) - PD-22(41) - PD-22(42c). PD-22 violations shall be amended as further information becomes available and recieved.

---

I-127 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix F

This grievance is Being Filed solely For Documentary and Litigation purposes, if this Actions Requested are NOT Resolved via TDCJ Grievance System

cc: Maj. Spivey
    File
    Atty

**Action Requested to resolve your Complaint.**
Immediately END CO L. Thompsons Retaliatory violations of the 1st + 14th Amendments to the U.S. Const., the 5th Cir. Court Rulings of Cole v. Collier, Tx. Gov Codes + PD-22 - OVERTURN this case + expunge from record.

**Offender Signature:** _____  **Date:** 7-31-21

**Grievance Response:**

Disciplinary Case #20210232111 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. No further action is warranted in this matter.

**Signature Authority:** _Putnam_ PUTNUM. K. Warden   **Date:** 10/4/21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**
Initial Submission    UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
2nd Submission    UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3rd Submission    UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F